JOHN SPICKERMAN, Respondent, v. ADAM McCHESNEY, Appellant.

*Court of Appeals, December* 11, 1888.

Affirming 43 Hun, 637.

*Appeal. What presented.*—On an appeal to the court of appeals, there can be presented no point of law which was not raised upon the trial in the court of original jurisdiction. The appellant must be confined to the objections taken at the trial, and stated on the face of the record.

Appeal from a judgment of the general term, affirming a judgment entered upon the report of a referee.

*Edgar L. Fursman*, for appellant.

*G. B. Wellington*, for respondent.

DANFORTH, J.—The complaint states that the plaintiff, since the 16th of March, 1872, has been the owner of one-fourth part, and the defendant the owner of the residue of the steamboat "John S. Ide." The defendant, by his answer, denied both allegations, and alleged that he is, and since the day named has been, sole owner of the boat. This issue was the principal one litigated before the referee, and he found that at one time the defendant was the sole owner of the boat, but that on the 16th day of March, 1872, he sold and, by an instrument in writing, transferred to said plaintiff one undivided fourth part of, and interest in, said steamboat "John S. Ide," for the sum of $1,875, which purchase price of said one-fourth of said boat, with interest thereon, was to be paid to said defendant out of plaintiff's share of the earnings of said steamboat as the same should be received.

The finding was justified in part by an instrument, in writing, signed by the defendant, in these words:

" TROY, *March* 16, 1872.

"This is to certify that I have sold John Spickerman one-quarter of the steamboat John S. Ide for $1,875, which he is to pay for according as she earns it, by paying the interest of the money." Neither its execution nor delivery was denied by the defendant, but he explained the purpose for which he gave it, and undertook to show that it was to enable the defendant to raise money, and that no sale in fact was made. The plaintiff's testimony confirmed the recitals in the paper, and the question turned upon conflicting evidence and the credibility of the various witnesses. The general term has sustained the referee in his finding, and these concurring opinions must be treated as a final answer to the appellant's position that the "plaintiff never, in fact, had any right, title or interest in or to the steamboat." The plaintiff also alleged that since the sixteenth of March, the boat had earned money, and that one-fourth thereof the defendant unlawfully withholds from him; he asked for an account and payment.

The referee found that since the 16th of March, 1872, the boat was used in towing barges and other craft upon the Hudson river, and the defendant "received and appropriated to his own use of the net earnings of said steamboat the sum of $13,735.80, in excess of the $1,875.00 applicable to the payment of the purchase price of said one-fourth of said boat and interests;" that the plaintiff had received nothing, and he awarded judgment in his favor for the one-fourth part of the net earnings of the boat so received by the defendant since March 16, 1872. These findings cover the questions litigated before the referee, and it is well settled that no point of law can be presented here, which was not raised upon the trial in the court of original jurisdiction. It follows that the greater part of the argument of the appellant permits no consideration, for the question to which it applies was not suggested to the court below either by pleading, or request to the referee to find in any other

manner. That argument assumes that the parties to the action were tenants in common of the boat ; that the defendant had, by virtue of that relation, sole possession and sole enjoyment of it, and therefore the contention is that he is not liable to the plaintiff, his co-tenant, for any benefit, profits or advantage accruing from it, and need make no compensation for the same. This is altogether new. The action proceeded upon the theory that the defendant, under an agreement between himself and plaintiff, had received money from third persons for the use of the property, and that a portion of the money so received belonged to the plaintiff by virtue of the agreement.

The findings of the referee met the issues presented by the pleadings, and no foundation was laid for the contention now made by the appellant. Upon the trial, all right and interest in the plaintiff were denied, all community of interest between the parties, and the whole earnings of the boat claimed by the defendant as sole owner. It requires a complete subversion of that claim to enable the appellant to assert a title in common with the plaintiff, and sole possession and use of the boat by virtue of that title to the exclusion of the plaintiff. It cannot succeed. The appellant must be confined to the objections taken at the trial, and stated on the face of the record. Those actually taken disclose no error.

The judgment appealed from should, therefore, be affirmed, with costs.

All concur.